Dear Mr. Dominick:
You ask this office if you may hold the elective office of parish commissioner for Caddo Parish and retain the part-time appointive office of city attorney for the Town of Vivian and several other surrounding municipalities.
For purposes of the Dual Officeholding and Dual Employment Law, R.S.42:61, et seq., the city attorney holds appointed office, as defined by R.S. 42:62(2), stating:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
In Lawrason Act municipalities, the appointment of the city attorney is made pursuant to 33:386(C), stating:
 C. The mayor, subject to confirmation by the board of aldermen, may appoint and fix compensation for an attorney at law for the municipality, whose duties in such capacity may include representation of all municipal officers as defined by R.S. 33:381(A) in actions against them in connection with and arising out of their functions as such officers, and other duties prescribed by the mayor. The municipality may also employ counsel to represent its interest should the occasion require. *Page 2 
R.S. 42:63(D) prohibits one from holding local elective office and a full-time appointive office, but does not prohibit the combination of positions where the appointive office is held on a part-time basis. R.S.42:63(D) states:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
Thus, the law does not prohibit you from holding the elective office of parish commissioner and the appointive office of city attorney, where the latter position is held on a part-time basis. "Full-time" and "part-time" are defined in R.S. 42:62(4) and (5) as:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
Should you have further questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:__________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL